**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **MARLENE ALEXANDER, et al,**  ) | |
| ) | |
|     **Plaintiffs,**  ) | |
| ) | |
| **v.**  ) | No. 2:19-cv-2249-SHL-tmp |
| ) | **JURY DEMAND** |
| **CITY OF MEMPHIS, TENNESSEE,**  ) | |
|     **A Municipal Corporation;**  ) | |
| **MEMPHIS POLICE DEPARTMENT;**  ) | |
| **Memphis Police Director,**  ) | |
| **MICHAEL RALLINGS,**  ) | |
| **In his Official Capacity;**  ) | |
| **JOHN/JANE DOE 1,**  ) | |
| **Police Officer of the Memphis Police Department,** ) | |
| **in his Individual and Official Capacities; and** ) | |
| **JOHN/JANE DOE 2,**  ) | |
| **Police Officer of the Memphis Police Department,** ) | |
| **In his Individual and Official Capacities** ) | |
| ) | |
|     **Defendants.**  ) | |

**DEFENDANTS CITY OF MEMPHIS, TENNESSEE, MEMPHIS POLICE DEPARTMENT, MICHAEL RALLINGS IN HIS OFFICIAL CAPACITY, JOHN/JANE DOE 1 IN HIS OFFICIAL CAPACITY, AND JOHN/JANE DOE 2 IN HIS OFFICIAL CAPACITY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

COME NOW Defendants City of Memphis (the "City"), Memphis Police Department ("MPD"), Michael Rallings ("Director Rallings"), in his official capacity, John/Jane Doe 1, in his official capacity, and John/Jane Doe 2, in his official capacity ("Doe Officers") (collectively "Defendants"), by and through counsel of record, and submits the following Memorandum of Law in Support of their Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

This matter arises from the police-officer involved shooting death of Terrance Carlton ("Carlton"), on April 21, 2018. (Complaint, D.E. 1 ¶ 10). Plaintiff Marlene Alexander ("Alexander" or "Plaintiff") brought this action on April 23, 2019, under 42 U.S.C. § 1983 ("Section 1983") against the City, MPD, Director Rallings, in his official capacity, and two unidentified police officers, in their official and individual capacities. On behalf of herself and Carlton, Plaintiff alleges violations of Carlton's Fourth Amendment rights, as well as alleged violations of the laws of the State of Tennessee. (D.E. 1 ¶¶ 18 through 43).

According to the Complaint, Carlton was walking down a street near Summer Avenue and Berclair in Memphis, Tennessee, when he was approached by the Doe Officers. (D.E. 1 ¶ 10). Plaintiff alleges that the Doe Officers used unreasonable and unnecessary force during the subsequent encounter with Carlton, causing substantial injury and death to Carlton. (D.E. 1 ¶ 10). For the reasons explained herein, Plaintiff's Complaint should be dismissed as a matter of law.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555-57) (internal marks omitted). The allegations "must be enough to raise a right to relief *above the speculative level*," and the complaint must contain "either direct or inferential allegations respecting all material

elements to sustain a recovery under some viable legal theory." *Twombly*, 550 U.S. at 555; *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

While the court must construe the complaint in the light most favorable to the plaintiff, it "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 902–03 (6th Cir. 2009) (citations omitted). With respect to claims under Section 1983, the Sixth Circuit has held that for a complaint to survive a motion to dismiss, it must contain more than mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

## ARGUMENT

While Defendants submit that Plaintiff failed to plead sufficient allegations to plausibly state a claim for relief in her Complaint, the Court need not consider the substantive issues alleged because Plaintiff has failed to timely bring her claims. Even if the Complaint was timely filed, however, dismissal of the Complaint in its entirety is warranted because: (1) MPD is not a proper party to this action; (2) the official capacity claims are, in fact, claims against the City and subject to dismissal; (3) Plaintiff fails to plausibly allege any act or omission attributable to the City constituting a violation of Carlton's rights; (4) the City retains immunity as to Plaintiff's state law claims  (5) Punitive damages are unavailable under federal or state law; and (6) consequently, no claim would remain against an identifiable defendant.

### I. EACH OF PLAINTIFF'S CLAIMS IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

As an initial matter, Plaintiff's claims must be dismissed because they are barred by the applicable one-year statute of limitations. Section 1983 does not contain a statute of limitations

provision, and, therefore, courts must apply "the most closely analogous state statute of limitation and tolling principles to determine the timeliness of the claims asserted." *Williams v. Davidson Cty. Sheriff's Office*, No. 3:12-cv-0932, 2013 WL 4084235, at *2 (M.D. Tenn. August 13, 2013) (citing *Wilson v. Garcia*, 471 U.S. 261, 268-269 (1985)).  In Tennessee, the applicable statute of limitations for a civil rights claim is one year.  Tenn. Code Ann. § 28-3-104(a)(1)(B); *see Harris v. Shelby Cty. Sheriff's Dep't*, No. 88-2066, 1991 WL 11742333, at *2 (W.D. Tenn. May 24, 1991). Similarly, under Tennessee law actions arising in tort are subject to a one-year statute of limitations.  Tenn. Code Ann. § 28-3-104(a)(1)(A).

A cause of action under Section 1983 is deemed to have accrued and the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his complaint." *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (quoting *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).  In tort actions, "the cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered . . ., meaning that the date of a decedent's death is the latest, but not the only, date from which the one-year limitation could run." *Id.* (quoting *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 491 (Tenn. 1975); *Johnson v. Metro. Gov't of Nashville & Davidson Cty.*, 665 S.W.2d 717, 718 (Tenn. 1984)).  Because the injuries to Carlton and his death occurred on April 21, 2018, any cause of action arising from the shooting clearly expired on April 21, 2019. [1] Because Plaintiff filed the instant action on April 23, 2019, each of her claims against all Defendants is barred by the applicable statute of limitations.[2]

---

[1] Because that date fell on a Sunday, Plaintiff had until midnight on April 22, 2019, to file her Complaint.  *See* Fed. R. Civ. P. 6(a)(1)(C).

[2] While Plaintiff's Civil Cover Sheet and Certificate of Service contain a filing date of April 22, 2019, the Court's Electronic Filing System indicates the Complaint was, in fact, filed on April 23, 2019.  *See* W.D. Tenn. ECF Pol'y & Proc. 6.2 (Dec. 1, 2016) ("An electronically submitted

## II.     ALTERNATIVELY, PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Even if Plaintiff's claims were not barred by the applicable statute of limitations, Plaintiff fails to state a claim against any Defendant under Section 1983 or Tennessee law, and Plaintiff's Complaint should be dismissed.

### A. PLAINTIFF'S OFFICIAL CAPACITY CLAIMS AND HER CLAIMS AGAINST MPD SHOULD BE DISMISSED

The official capacity claims against Director Rallings and the Doe Officers should be dismissed, because they "are actually claims against the City itself." *Carpenter v. Doe*, No. 10-2425-STA, 2010 WL 4922640, at *5 (W.D. Tenn. Nov. 29, 2019) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent.") (quoting *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003)).  Because the claims against individuals in their official capacities and those against the City are considered one for purposes of liability, the official capacity claims warrant dismissal.  *Irving*, 330 F.3d at 810 (holding that governmental entities were the only "true defendants" where individuals were sued in their official capacity).  An official-capacity suit "imposes liability on the entity that he represents." *Id.* (quoting *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)).

Additionally, MPD is a department of the City of Memphis and is thus an improper party to this suit.  As "[n]umerous cases in the Sixth Circuit have found[,] . . . the party against which to assert claims of constitutional and statutory violations by police departments is the local municipality." *Lovelace v. City of Memphis Police Dep't*, No. 08-2776, 2010 WL 711190, at *2

---

document is deemed filed on the date and at the time stated on the system-generated [notice of electronic filing ("NEF")]"); W.D. Tenn. ECF Pol'y & Proc. 6.3 n.1 ("The exact date and time of an electronic filing is the exact date and time stated on the system-issued NEF. . . . The date and time electronically affixed to the filing and as shown in the electronic NEF is solely determinative of timeliness.").

(W.D. Tenn. Feb. 24, 2010) (citing cases); *see also Carpenter* 2010 WL 4922640, at *5 (stating same). The Court should thus also dismiss MPD from this suit, as the proper party for Plaintiff's claims against MPD is the local municipality.

### B. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR LIABILITY UNDER SECTION 1983 AGAINST THE CITY[3]

Even if Plaintiff's claims were not barred by the applicable statute of limitations, Plaintiff's Complaint is devoid of plausible allegations of acts or omissions attributable to the City of Memphis constituting a violation of Carlton's rights, and, therefore, Plaintiff fails to state a claim under Section 1983. Section 1983 "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). Municipal liability under Section 1983 may only be imposed where the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury complained of." *Graham ex rel. Estate of Graham v. Cty. of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004) (internal marks omitted) (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 (1978)). Because "local governments are responsible only for their own illegal acts" under Section 1983, a cause of action may not lie against a municipal entity under a theory of respondeat superior. *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)).[4]

---

[3] Because MPD and the individual Defendants, in their official capacities, are not proper parties, we assert this argument as to the City only. To the extent the Court finds MPD and the individual Defendants, in their official capacities, are proper parties, those claims are likewise subject to dismissal on the same basis.

[4] Consequently, to the extent Plaintiff's claims under Section 1983 are based on a theory of vicarious liability, they must be dismissed. (D.E. 1 ¶¶ 15, 16).

6

To establish municipal liability under Section 1983, a plaintiff must show that "(1) the plaintiff's harm was caused by a constitutional violation; and (2) the city was responsible for that violation." *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009) (citing *Cash v. Hamilton Cty. Dep't of Adult Probation*, 388 F.3d 539, 542-43 (6th Cir. 2004)). Only where injury resulted from an "implementation of [the City's] official policies or established customs" will the municipality be liable for resulting harm. *Id.* (quoting *Monell*, 436 U.S. at 708). The Sixth Circuit has articulated four avenues by which a plaintiff may prove a policy or custom unconstitutional:

> (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final-decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.

*Id.* (quoting *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

A plaintiff seeking to maintain a § 1983 claim cannot simply plead "conduct properly attributable to the municipality." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997). A plaintiff must both identify the allegedly unconstitutional policy and show a direct causal link between the policy and alleged constitutional violation "in order to show that the municipality's deliberate conduct can be deemed the moving force behind the violation." *Spears*, 589 F.3d at 256 (internal marks omitted) (quoting *Graham*, 358 F.3d at 383). Moreover, "a plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Brown*, 520 U.S. at 407 (quoting *Canton v. Harris*, 489 U.S. 378, 387 (1989)). "**A showing of simple or even heightened negligence will not suffice**." *Id.* (emphasis added).

In the instant Complaint, Plaintiff set forth broad, conclusory allegations of acts or omissions alleged to have been committed by the City without the support of any substantive facts.

7

(D.E. 1 ¶¶ 11, 12, 14, 15, 17, 43). Specifically, Plaintiff broadly contends that the City "fail[ed] to properly train, supervise, and discipline its and their [sic] police officers," and that "Defendants City of Memphis and [MPD's] law, customs, and/or policies resulted in the wrongful death to Mr. Carlton." (D.E. 1 ¶¶ 13, 43). Plaintiff thus appears to avail herself of the third and fourth options to establish the City's liability. But the statements in Plaintiff's Complaint are mere legal conclusions which are not supported by any substantive facts. As discussed below, these allegations alone are insufficient to establish a claim of municipal liability.

To establish municipal liability based on inadequate training, a plaintiff must demonstrate "(1) the training program was inadequate to the task the officer must perform, (2) the inadequacy is a result of the municipality's deliberate indifference, and (3) the inadequacy is closely related to or actually caused the plaintiff's injury." *Epperson v. City of Humboldt*, 140 F. Supp. 3d 676, 684 (W.D. Tenn. 2015) (quoting *Bonner-Turner v. City of Ecorse*, 627 F. App'x 400, 414 (6th Cir. 2015)). "Deliberate indifference requires a showing of 'prior instances of unconstitutional conduct demonstrating that the municipality has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Id.* (quoting *Plinton*, 540 F.3d at 464). This standard is a stringent one, and requires proof that a "municipal actor disregarded a known or obvious consequence of his action." *Id.* "**Mere allegations that an officer was improperly trained or that an injury could have been avoided with better training are insufficient to make out deliberate indifference**." *Id.* at 685. (emphasis added).

While a single constitutional violation may trigger liability if it is "accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation," *Bonner-Turner*, 627 F. App'x at 414, Plaintiff has not alleged a complete failure to train the MPD force or other evidence of reckless

8

training.  Plaintiff has failed to offer any "well-pleaded facts to support the legal conclusion that the City was on notice of a pattern or practice of unconstitutional uses of force by officers in its employ against mentally impaired persons or others who could not comply with instructions, or that it had a custom of ignoring violations or failing to discipline officers who engaged in such behavior." *Epperson*, 140 F. Supp. 3d at 686.  Consequently, Plaintiff's failure to train claims are insufficient as plead.

Additionally, Plaintiffs have failed to properly plead the existence of a custom of tolerance of or acquiescence of federal rights violations.  "Where a plaintiff asserts a claim of a custom of tolerance toward constitutional violations, that is, a custom of inaction," the plaintiff must show "(1) a clear and persistent pattern of misconduct, (2) notice or constructive notice on the part of the municipality, (3) the defendant's tacit approval of the misconduct, and (4) a direct causal link to the violations." *Id.* at 685 (quoting *Nouri v. Cty. of Oakland*, 615 F. App'x 291, 296 (6th Cir. 2015)). "Like a claim based on failure to train employees, one grounded in a custom of tolerance requires a showing of deliberate indifference." *Id.*

Again, Plaintiff has offered only legal conclusions, but no substantive facts to support a custom of tolerance claim.  Plaintiff has not identified a clear and persistent pattern of violating federal rights by the City nor have they pled that the City had notice of violations.  Plaintiff makes only broad conclusory allegations of abuse such as that MPD "had a custom or policy in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individual citizens." (D.E. 1 ¶ 17).  Defendants deny that Carlton suffered a constitutional violation and the Plaintiff has failed to show that any constitutional violation alleged to have been suffered by Carlton resulted from a custom or policy of inaction by the City.  The lack of any well-pleaded facts to support Plaintiff's legal conclusions is fatal to Plaintiff's Section 1983 claims.

9

### C. THE CITY RETAINS ITS IMMUNITY AS TO PLAINTIFF'S STATE LAW CLAIMS UNDER THE TGTLA.

Governmental entities "are immune from liability unless a plaintiff proves that his claim is one of the specific causes of action for which the legislature removes immunity." *Halliburton v. Town of Halls*, 295 S.W.3d 636, 638 (Tenn. Ct. App. 2008). And immunity may only be removed "where there is 'strict compliance' with the terms of the Governmental Tort Liability Act." *Id.* at 639. In certain instances, the TGTLA "removes a municipality's immunity for injuries 'proximately caused by a negligent act or omission of any employee within the scope of his employment,'" but the removal does not apply in cases involving, *inter alia,* the "infliction of mental anguish" or "civil rights." Tenn. Code Ann. § 29-20-205 (2); *Birgs v. City of Memphis*, 686 F.Supp.2d 776, 781 (W.D. Tenn. 2010) (quoting Tenn. Code Ann. § 29-20-205). Here, Plaintiff has failed to plead any claims falling under an exception to the City's immunity from suit.

Specifically, and as explained in further detail below, Plaintiff's various state and common law claims are expressly excluded from any waiver of liability afforded by the TGTLA, including wrongful death due to negligence, negligence per se, reckless conduct, and negligent infliction of emotional distress ("NIED"), as they sound in the infliction of mental anguish and civil rights. In spite of Plaintiff's failure to specifically plead a claim against the City under the TGTLA, (D.E. 1 ¶¶ 18-40) Plaintiff's state law claims are limited by the TGTLA, and the City retains its immunity from suit.

Plaintiff's state law claims must be dismissed because they fall within an exception to the immunity waiver provided under the TGTLA. Immunity is not removed "where the injury arises out of . . . civil rights." Tenn. Code Ann. § 29-20-205(2). The City retains its immunity as to the state law claims pursuant to § 29-20-205, including but not limited to Plaintiff's claims for negligence, negligence per se, reckless conduct, and NIED. Each of Plaintiff's state law tort claims

10

are alleged to have been committed solely in the context of a violation of civil rights. Therefore, the City retains its immunity under the civil rights exception to the TGTLA. *See Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010); *Campbell v. Anderson Cty.*, 695 F. Supp. 2d 764, 778 (E.D. Tenn. 2010) ("Because [Plaintiff] asserts her claims against the County in the context of a civil rights case, her alleged injuries arise out of 'civil rights' and the County is entitled to immunity from suit on these claims pursuant to the 'civil rights' exception in Tenn. Code Ann. § 29-20-205(2)."). Plaintiff's Complaint "arises directly out of the allegations that [Carlton's] civil rights were violated by the negligent actions of officers [Doe 1 and Doe 2]," d, thus, municipal immunity under the TGTLA should be appropriate as to the tort claims in Counts I, II, III, and IV. *Peatross v. City of Memphis*, No. 2:14-cv-2343-SHL-cgc, 2015 WL 13021901, at *7 (W.D. Tenn. Mar. 12, 2015). Plaintiff's state law claims should be dismissed as a matter of law.

### D. PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES UNDER FEDERAL OR STATE LAW

In addition to her compensatory claims, Plaintiff seeks $50 million in punitive damages against all Defendants (D.E. 1, ¶ 46, ¶ 4, prayer for relief). To the extent that any of Plaintiff's claims survive, Plaintiff has not shown that she is entitled to punitive damages, and, thus, their claim for punitive damages should be dismissed. Municipalities are immune from punitive damages under 42 U.S.C. § 1983. *Jefferson v. City of Tarrant, Ala.*, 522 U.S. 75, 79 (1997) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981)). Similarly, punitive damages are not recoverable under the TGTLA, against either a municipality or the employee of a municipality "in an action arising from the negligence of the employee." *Johnson v. Smith*, 621 S.W.2d 570, 572 (Tenn. Ct. App. 1971). Therefore, Plaintiff's claim for punitive damages should be dismissed as a matter of law.

### III. PLAINTIFFS REMAINING CLAIMS AGAINST JOHN DOE 1 AND JOHN DOE 2 SHOULD BE DISMISSED

Finally, the Court should dismiss all claims against the Doe Officers, in their individual capacities. Because Plaintiff's claims against the City fail and Plaintiff has no properly-named defendants, the remaining claims against the Doe Officers, in their individual capacities, should be dismissed. *See Lovelace*, 2010 WL 711190, at *5 (citing Fed. R. Civ. P. 15).

### CONCLUSION

For the reasons set forth herein, Defendants respectfully move this Court to dismiss all Plaintiff's claims.

Respectfully submitted,

/s/Tannera George Gibson
Tannera George Gibson (TN #27779)
Sarah E. Stuart (TN #35329)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
T:  (901) 524-5000
F:  (901) 524-5024
sstuart@bpjlaw.com

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded via the Court's electronic filing system this 5th day of July, 2019 to counsel of record for this matter.

/s/Tannera George Gibson